IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANGELIQUE MARIE EASTON
    Petitioner,

vs.                                      Case No. 4:24cv287/MW/MAL

UNITED DISTRICT OF THE
SOUTHEAST REGION,
    Respondent.
                               /

## REPORT AND RECOMMENDATION

Angelique Marie Easton is a federal inmate currently incarcerated at the Federal Correctional Institution in Tallahassee, Florida with a projected release date of August 26, 2027. *See* https://www.bop.gov/inmateloc/. On June 27, 2023, she was sentenced in the United States District Court for the Western District of Washington Case No. 2:21cr174/JCC to a term of 72 months' imprisonment. This case is before me on her pleading titled "Motion for Compassionate Release Based on U.S. Guidelines Retroactive November 1st 2023." ECF No. 2.[1]

In the first paragraph of the pleading, Petitioner indicates she has "also sent this document to Seattle Washington to [her] Sentencing Judge." ECF No. 2 at 1. She states her motion in the Washington court has been sealed and neither she nor

---

[1] The clerk of court designated Petitioner's submission as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and opened the instant civil case.

her attorney knows why. She explains she is seeking this Court's help because she is "being ignored." *Id.* Substantively, she alleges a nurse practitioner employed at FCI Marianna sprayed her with chemical spray and a physician at the facility "charged at [her]." *Id.* at 1. Petitioner also contends she has extensive medical issues that provide "extraordinary compelling reasons for compassionate release," including the possibility of M.S. and being 60% blind in her left eye because "something is attacking [her] brain which is causing [her] blindness." *Id.* She also contends the unit where she was housed has black mold and roaches, her parents are 82 years old with their own health issues, and she asks in closing that this Court help her "to receive proper medical care in a timely matter and to not be subjected further to the medical attention of [the P.SA. and the doctor who allegedly assaulted her]." *Id.* at 2.

Appended to Petitioner's motion is a handwritten "Petition Motion for Compassionate Release" directed to the Western District of Washington in which she requests both that her sentence be vacated and that compassionate release be considered. ECF No. 2 at 5, 7. In addition to her complaint that she has received inadequate medical treatment, she identifies numerous other issues with the "living conditions" in the facility and notes the health issues faced by her parents. *Id.* at 8-9. She also has submitted several administrative remedies related to these issues,

although the submissions do not demonstrate exhaustion of the full administrative remedy process.

The undersigned has confirmed Petitioner filed a Motion to Reduce Sentence (Compassionate Release) with an attached Proposed Release Plan in her criminal case on July 1, 2024. *See* W.D. Wa. Case 2:21cr174, ECF Nos. 752, 753. On the form, as the basis for her request for compassionate release she identifies the lesions on her brain, inappropriate staff conduct, her elderly parents, a brother with mental health issues, the living conditions at FCI Tallahassee and the disregard of staff at FDC Seatac and FCI Tallahassee for her appointments and serious medical conditions. The exhibits to her submission are labeled "sealed due to personal identifiers." ECF No. 753.

On July 19, 2024, the Washington Court granted the United States' motion requesting copies of the sealed documents and setting a deadline of August 14, 2024, for its response to Petitioner's motion for compassionate release. W.D. Wa. Case 2:21cr174, ECF No. 759. On July 25, CJA counsel was appointed to represent Petitioner, ECF No. 760, and counsel subsequently filed a request for copies of the documents filed under seal and to be permitted to file a supplement to Petitioner's motion for compassionate release or a notice that no supplement would be filed by September 10, 2024. ECF No. 765. The court granted the motion and Petitioner's

supplement or notice is due by September 10, 2024, with the Government to file its response thirty days thereafter. ECF No. 766.

Based on the undersigned's review of the Western District of Washington's docket, Petitioner's suggestion in her submission to this Court that she is being ignored is not well-taken. Furthermore, because Petitioner was convicted in a different jurisdiction, this Court is not the proper forum to consider a motion for compassionate release.

Although the clerk of this court attempted to reframe Petitioner's submission as a petition under § 2241, Petitioner does not have a cause of action under this section. The continuation or execution of an initially valid confinement is generally the sole issue in a § 2241 action. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351–52 (11th Cir. 2008) (citing *Bishop v. Reno*, 210 F.3d 1295, 1304 (11th Cir. 2000)). Title 28 U.S.C. § 2241 provides an avenue for challenges to matters such as the deprivation of good-time credits or parole determinations. *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F. 3d 1076, 1093 (11th Cir. 2017) (also noting § 2241 may be used when the sentencing court is "unavailable," such as in the case of a military tribunal which is dissolved after the proceeding, or there were multiple sentencing courts). Petitioner's request that she not be subjected to medical care from N.P. Goodman and Dr. Du is not an appropriate matter for

§ 2241 relief. Furthermore, this issue has been brought to the attention of the Washington court in her motion for compassionate release, where Petitioner is now represented by counsel. W.D. Wa. Case 2:21cr174, ECF No. 752 at 7.

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner's petition under 28 U.S.C. § 2241, ECF No. 2, be **DISMISSED** without prejudice.

2. The clerk be directed to close the case file.

At Gainesville, Florida on August 22, 2024.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.